# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
January 7, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ENTERPRISE RENT A CAR COMPANY OF KENTUCKY, LLC,**
**Employer Below, Petitioner**

**vs.)  No. 15-0169** (BOR Appeal Nos. 2049361 & 2049769)
(Claim No. 2013022333)

**STANLEY SMITH,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Enterprise Rent A Car Company of Kentucky, LLC, by Jeffrey B. Brannon and Katherine H. Arritt, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from two Final Orders of the Board of Review dated February 6, 2015, and January 27, 2015. In its February 6, 2015, decision, the Board of Review affirmed an August 14, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 24, 2013, and October 10, 2013, decisions. The Office of Judges added the diagnosis of internal derangement of the right knee as a compensable condition of the claim and granted authorization for an injection of the right knee by Tigran Garabekyan, M.D., Mr. Smith's treating physician. In its January 27, 2015, decision, the Board of Review reversed and vacated the Office of Judges' March 19, 2014, Order, which upheld the claims administrator's October 25, 2013, decision closing the claim for temporary total disability benefits. The Board of Review remanded the claim to the claims administrator with instructions to determine whether Mr. Smith is entitled to additional temporary total disability benefits for the condition of internal derangement of the right knee and to issue a protestable order. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Smith worked as a driver for Enterprise Rent A Car Company of Kentucky, LLC. On February 5, 2013, he slipped and fell on ice in a parking lot and sustained a fracture of his right femur. Immediately following the injury, Mr. Smith was treated by Aaron Sop, D.O. At that time, x-rays were taken of his right knee, hip, and lower extremity. The x-rays revealed no dislocation of the right knee, but it did show a narrowing of the knee joint. Dr. Sop found that Mr. Smith had a prior femoral fracture. He performed an open reduction and internal fixation of the fracture on the day following Mr. Smith's injury. The claims administrator held the claim compensable for a right femur fracture. Mr. Smith received additional physical therapy, but he continued to experience severe pain in his knee. Dr. Sop advised him to bear weight on his right leg as tolerable. By the beginning of June of 2013, Dr. Sop noted that Mr. Smith was using crutches.

At this time, Dr. Sop referred Mr. Smith to Alexander Rosenstein, M.D., who found that Mr. Smith's symptoms were consistent with internal derangement of the right knee. Dr. Rosenstein requested authorization for an arthroscopic evaluation of Mr. Smith's knee, and the claims administrator granted the requested surgery. Dr. Rosenstein determined that Mr. Smith had a large bucket-handle tear of the medial meniscus as well as chrondromalacia involving the femoral condyle and patellofemoral joint. Dr. Rosenstein performed a partial medial meniscectomy and debridement of the damaged cartilage in Mr. Smith's knee. Dr. Rosenstein also requested that internal derangement of the right knee be added as a compensable condition of the claim. Mr. Smith received additional physical therapy treatment following this second surgery, but he continued to experience a significant amount of pain in his right knee.

Prasadarao B. Mukkamala, M.D., then performed an independent medical evaluation of Mr. Smith. He found that Mr. Smith had reached his maximum degree of medical improvement. Dr. Mukkamala also recommended denying authorization for injections in the right knee because he believed Mr. Smith's ongoing pain was related to a degenerative process instead of the compensable injury. However, Dr. Mukkamala found that Mr. Smith had 14% whole person impairment related to his right knee, and following the evaluation, the claims administrator granted Mr. Smith a 14% permanent partial disability award based on Dr. Mukkamala's evaluation. However, Thomas Gill, M.D., treated Mr. Smith following this evaluation and found that he continued to have pain in his right knee.

On October 10, 2013, the claims administrator denied Dr. Rosenstein's request to add internal derangement of the knee as a compensable condition of the claim. Nevertheless, Mr. Smith was referred to Dr. Garabekyan, who attributed his symptoms to anterior cruciate ligament deficiency in the knee. Dr. Garabekyan recommended that Mr. Smith use a functional anterior cruciate ligament brace and continue with rehabilitation. He believed that if Mr. Smith showed sufficient improvement, he may be able to return to work. He requested authorization for corticosteroid injections. Dr. Garabekyan also submitted a request to the claims administrator that Mr. Smith's claim be reopened for additional temporary total disability benefits. On October 24, 2013, the claims administrator denied Dr. Garabekyan's request for corticosteroid injections.

On October 25, 2013, the claims administrator also closed the claim for temporary total disability benefits. On March 19, 2014, the Office of Judges affirmed the claims administrator's October 25, 2013, decision. However, on August 14, 2014, the Office of Judges reversed the claims administrator's October 10, 2013, and October 24, 2013, decisions. The Office of Judges added internal derangement of the knee as a compensable condition of the claim and granted authorization for corticosteroid injections. On January 27, 2015, the Board of Review reversed and vacated the Office of Judges' March 19, 2014, Order. The Board of Review remanded the claim to the claims administrator with instructions to determine whether Mr. Smith is entitled to additional temporary total disability benefits for the compensable condition of internal derangement of the right knee and to issue a protestable order. On February 6, 2015, the Board of Review also affirmed the Office of Judges' August 14, 2014, Order, leading Enterprise Rent A Car Company of Kentucky, LLC, to appeal.

In its March 19, 2014, Order, the Office of Judges concluded that Mr. Smith did not demonstrate that he is entitled to additional temporary total disability benefits. The Office of Judges noted that Mr. Smith sustained a significant injury to his right leg and knee, but it found that there was little evidence of his continuing disability. The Office of Judges found that there was no direct evidence refuting Dr. Mukkamala's determination that Mr. Smith had reached his maximum degree of medical improvement.

In its August 14, 2014, Order, the Office of Judges concluded that Mr. Smith demonstrated that internal derangement of the right knee should be added as a compensable condition of the claim. Even though the Office of Judges noted that there was evidence in the record that Mr. Smith had pre-existing knee problems, it found that the compensable injury caused significant damage to his right leg. It found that Mr. Smith's pain persisted even after his fractured femur was repaired and that Dr. Rosenstein believed that his symptoms were consistent with internal derangement of the knee. The Office of Judges also concluded that the corticosteroid injection requested by Dr. Garabekyan should be authorized. The Office of Judges determined that the evidence in the record demonstrated a sufficient connection between the compensable injury, especially his compensable knee condition, and the need for corticosteroid injections.

In its January 27, 2015, decision, the Board of Review reversed the Office of Judges' March 19, 2014, Order and remanded the claim to the claims administrator for a determination of whether Mr. Smith was entitled to temporary total disability benefits for internal derangement of the right knee. The Board of Review based its decision on the Office of Judges' August 14, 2014, Order, which added internal derangement of the knee as a compensable condition of the claim. The Board of Review acknowledged that Dr. Mukkamala had found that Mr. Smith reached his maximum degree of medical improvement, but it found that this finding was not related to the new diagnosis of internal derangement of the knee. In its February 6, 2015, decision, the Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of both decisions of the Board of Review. Mr. Smith has presented sufficient evidence to show that the diagnosis of internal derangement of the knee is causally related to the compensable injury and should be added to the claim. The evidence in the

record shows that Mr. Smith suffered a significant right leg injury on February 5, 2013. Although the right femur fracture was surgically repaired, the treatment notes of Dr. Rosenstein demonstrate that he continued to have severe right knee pain. Dr. Rosenstein diagnosed Mr. Smith with internal derangement of the right knee, and the treatment notes are sufficient to show that the condition is related to the compensable femur fracture. The Office of Judges was within its discretion in adding the condition to the claim. Because Mr. Smith has shown that internal derangement of the knee is a compensable condition, the Board of Review was within its discretion in remanding the claim to the claims administrator for a determination of whether he is entitled to additional temporary total disability benefits related to this diagnosis. The evidence in the record shows that Mr. Smith suffered some disability related to this condition, and the Board of Review properly remanded the claim for a determination of this issue. Finally, the Office of Judges was justified in authorizing the requested corticosteroid injection. The evidence in the record shows that the injection is medically related and reasonably required to treat the ongoing symptoms of the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: January 7, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4